IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TETHIN MURRAY,                  ) | |
|                                 ) | |
|     Petitioner,            ) | |
|                                 ) | |
| v.                              ) | Civil Action No. 2:09cv770-MHT |
|                                 ) | (WO) |
| UNITED STATES OF AMERICA,       ) | |
|                                 ) | |
|     Respondent.            ) | |

**O R D E R**

On August 3, 2009, Tethin Murray ("Murray"), a federal inmate, filed a pleading construed by this court as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1] Murray challenges the validity of the convictions and sentence imposed on him by this court in 2003 for aiding and abetting a bank robbery and using a firearm during a bank robbery. This court directed the government to file a limited response addressing the applicability of § 2255's one-year limitation period to Murray's motion, *see* § 105 of the

---

[1] Murray styled his original pleading in this action as a petition for habeas corpus relief under 28 U.S.C. § 2241. (Doc. No. 1.) That petition was filed in the United States District Court for the District of New Jersey, which transferred the petition to this court in an order entered on August 10, 2009. (Doc. No. 1/Attachment # 2.) This court then advised Murray of its intent to recharacterize his pleading as a motion under 28 U.S.C. § 2255 and afforded him the opportunity to either proceed under § 2255 on the claims presented in his original pleading, amend his pleading to add all claims he wished to present under § 2255, or withdraw his motion. (Doc. No. 2.) *See Castro v. United States*, 540 U.S. 375 (2003). Murray subsequently presented his claims on the proper form used for filing motions under 28 U.S.C. § 2255. That pleading (Doc. No. 5) has been docketed as an amended § 2255 motion.

Antiterrorism and Effective Death Penalty Act ("AEDPA").[2]  (Doc. No. 6.)  In its response (Doc. No. 9), the government argues that Murray's motion was filed well after expiration of the one-year period of limitation and is therefore time-barred.

Paragraph 6 of 28 U.S.C. § 2255 specifies that the one-year period of limitation begins from the latest date of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The pleadings and court record reflect that Murray was convicted on May 9, 2003, and that he was sentenced on July 22, 2003.  (Doc. No. 9 at 2.)  Judgment was entered by the district court on July 24, 2003.  (Doc. No. 9 at 4-5.)  Murray did not file a direct appeal.  By operation of law, then, Murray's convictions became final on August 4, 2003, upon expiration of the time for him to file a direct appeal (i.e., the first business day 10 days after

---

[2]"Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255."  *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).  This section became effective on April 24, 1996.

entry of judgment by the district court).[3] Thus, Murray had until August 4, 2004, to file a timely § 2255 motion. The instant motion was not filed until August 3, 2009.[4]

It does not appear that any of the statutory exceptions specified in 28 U.S.C. § 2255 ¶ 6 (2)-(4) apply in this case. Specifically, Murray's claims do not rest on an alleged "right [which] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Moreover, there is no suggestion that the government prevented Murray from filing an earlier motion. Nor does Murray appear to have submitted grounds for relief that could not have been put forth earlier under the exercise of due diligence such that the limitation period should begin to run at a time other than upon the finality of his conviction.

Under the circumstances of this case as outlined herein, it appears to the court that the one-year period of limitation contained in 28 U.S.C. § 2255 expired long before Murray filed his § 2255 motion. Accordingly it is

ORDERED that on or before November 17, 2009, Murray shall show cause why his

---

[3]*See* Fed.R.App.P. 4(b)(1) (defendant's notice of appeal in a criminal case must be filed in the district court within ten days after entry of the district court's judgment); *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (for a defendant who does not file a direct appeal, the conviction becomes final ten days after the district court's judgment is entered); *see also Sanchez-Castellano v. United States*, 358 F.3d 424, 427-28 (6th Cir. 2004) (a federal criminal judgment that is not appealed becomes final for the purpose of § 2255 ten days after it is entered, when the time for filing a direct appeal expires).

[4]Murray apparently signed his original pleading on August 3, 2009. Applying the "mailbox rule," and no evidence to the contrary, this court deems his motion as filed on that date. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

28 U.S.C. § 2255 motion should not be dismissed as it was not filed within the one-year limitation period established by the AEDPA.

Done this 27th day of October, 2009.

                                               /s/Susan Russ Walker
                                             SUSAN RUSS WALKER
                                             CHIEF UNITED STATES MAGISTRATE JUDGE