IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TETHIN MURRAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:09cv770-MHT |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I.   INTRODUCTION

This is an action pursuant to 28 U.S.C. § 2255, in which federal inmate Tethin Murray

("Murray") challenges his May 2003 guilty plea convictions and resulting sentence for aiding

and abetting a bank robbery, in violation of 18 U.S.C. §§ 2 and 2113, and aiding and abetting

in the use of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c).

On July 22, 2003, the district court sentenced Murray to a total of 211 months in prison,

which consisted of consecutive terms of 127 months for the conviction for aiding and

abetting a bank robbery and 84 months for the conviction for aiding and abetting in the use

of a firearm during a crime of violence.  A judgment was entered on July 24, 2003.  Murray

did not file an appeal.

On or around September 7, 2004, Murray filed a *pro se* pleading in this court styled

as a "Petition to Dismiss Indictment for Failure to Charge a Federal Offense and Lack of

Jurisdiction in That the Indictment Is Vague and Insufficient."  ("Petition to Dismiss

Indictment.") (*Gov. Exh. 11.*)  The following day, this court entered an order in accordance

with *Castro v. United States*, 540 U.S. 375 (2003), informing Murray of its intention to

recharacterize his pleading as a § 2255 motion and directing Murray to advise the court

whether he wished to (1) proceed on the claims presented in his motion; (2) amend his

motion to assert additional claims; or (3) dismiss the motion.  (*Gov. Exh. 12.*)  In its order,

the court specifically cautioned Murray that "the instant motion and any subsequent § 2255

motion shall be subject to the one-year period of limitation" applicable to § 2555 motions and

further "**cautioned** [Murray] that any § 2255 motion filed with this court, including the

instant motion, must be filed within the applicable one-year period of limitation."  (*Id. at 3*

*n.3; emphasis in original.*)

On October 1, 2004, Murray filed a response to this court's order indicating that he

objected to the court's stated intention to recharacterize his pleading as a § 2255 motion, and

stating his desire to proceed on the claims presented in his pleading.  (*Gov. Exh. 13.*)  On

October 29, 2004, the undersigned magistrate judge entered a Recommendation finding, in

pertinent part, as follows:

> ... Murray objects to this court's stated intention to re-characterize his
> September 7, 2004, pleading as a motion to vacate, set aside, or correct
> sentence pursuant to 28 U.S.C. §2255.  *See Response of October 1, 2004* (Doc.
> 81), at 1-5. Murray has also indicated that he does not wish to dismiss his
> motion voluntarily, an option available to him pursuant to this court's order of
> September 15, 2004. Because the court cannot re-characterize a movant's
> pleading as a § 2255 motion without the consent of the movant, and Murray
> neither consents to re-characterization nor wishes to withdraw or amend his
> action voluntarily, the court has no alternative but to dismiss the motion. The
> claims that Murray seeks to advance in his September 7, 2004, pleading may

be presented properly only in a 28 U.S.C. § 2255 motion.

> Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the "*Petition to Dismiss Indictment for Failure to Charge a Federal Offense and Lack of Jurisdiction in That the Indictment Is Vague and Insufficient*" filed by Murray on September 7, 2004 (Doc. 79), be DENIED.

(*Gov. Exh. 14 at 3-4.*) On November 17, 2004, the district judge adopted the

Recommendation, as follows:

> There being no objections filed to the Recommendation of the Magistrate Judge filed herein on October 29, 2004, said Recommendation is hereby adopted, and it is the

> ORDER, JUDGMENT and DECREE of the court that the "*Petition to Dismiss Indictment for Failure to Charge a Federal Offense and Lack of Jurisdiction in That the Indictment Is Vague and Insufficient*" filed by Murray on September 7, 2004 (Doc. 79), be and hereby is DENIED.

(*Gov. Exh. 14.*)

More than four years later, on August 3, 2009, Murray filed in the United States

District Court for the District of New Jersey a *pro se* petition for habeas corpus relief under

28 U.S.C. § 2241. (*See Doc. No. 1.*) In that petition, Murray asserted the following claims:

Ground One:  My attorney advised me that I had to plead guilty to count 2 of my indictment. He said I had to plead guilty.

Ground Two:  My attorney told me to just plead guilty[,] and he would file for a modification downward departure for the injuries I incurred.

Ground Three:  My attorney told me after I got sentenced that[,] had I gone to trial[,] my case would have been separated from [that of] my brother [who was my] co-defendant.

Ground Four: My [ ]attorney failed to file my notice of appeal in time for me to keep my appeal rights.

3

(*Doc. No. 1 at 6-7.*)  Because Murray appeared to challenge the convictions and sentence imposed on him by this court in 2003, the federal district court in New Jersey transferred his petition to this court on August 10, 2009. (*Doc. No. 1/Attachment # 2.*)

In an order entered on August 14, 2009, this court, in accordance with *Castro v. United States*, *supra*, advised Murray of its intention to recharacterize his self-styled 28 U.S.C. § 2241 petition as a motion for relief pursuant to 28 U.S.C. § 2255 and afforded him an opportunity either to proceed under § 2255 on the claims presented in his original pleading, amend his pleading to add all claims he wished to present under § 2255, or withdraw his motion. (*Doc. No. 2.*)  Murray subsequently presented his claims on the proper form used for filing motions under 28 U.S.C. § 2255. (*Doc. No. 5; filed Sep. 3, 2009.*)  That pleading, which essentially reiterated Murray's original claims, was docketed in this court as an amended § 2255 motion. (*Id.*) This court then entered an order directing the government to file a limited response addressing the timeliness of Murray's § 2255 motion. (*Doc. No. 2.*)

The government argues that Murray's § 2255 motion is untimely because it was filed almost six years after his conviction became final and almost five years after expiration of the one-year limitation period applicable to § 2255 motions. (*Doc. No. 9 at 4-7.*)  *See* 28 U.S.C. § 2255(f).  Murray, however, asserts that he has submitted grounds for relief that could not have been put forth earlier under the exercise of due diligence. (*See Doc. Nos. 5 and 5-1.*)  He claims that he did not discover until October 2003 that his trial counsel failed

4

to file a direct appeal that he says he requested, and maintains that he has "never had the opportunity to formally file a § 2255 motion" because this court, in 2004, recharacterized his *pro se* "Petition to Dismiss Indictment" as a § 2255 motion despite his "wishes not to [do so]." (*Doc. No. 5-1 at 2-5.*)

After due consideration and upon review of the § 2255 motion, the pleadings, and the record, this court concludes that Murray's § 2255 motion is untimely and that it should be denied on that ground.

## II.   DISCUSSION

In 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to provide a one-year limitation period for the filing of § 2255 motions. *See Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). Section 2255 specifically provides for a one-year limitation period as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The district court's judgment in Murray's case was entered on July 24, 2003. Murray did not file a direct appeal. By operation of law, then, his conviction became "final" for the purpose of § 2255(f)(1) on August 4, 2003, upon expiration of the time for him to file a direct appeal (i.e., the first business day ten days after entry of judgment by the district court).[1] Thus, Murray had until August 4, 2004, to file a § 2255 motion that was timely under § 2255(f)(1). Murray's § 2255 motion, filed on August 3, 2009, was approximately five years too late under § 2255(f)(1).

Murray's § 2255 motion also does not find safe harbor, for the purpose of timeliness, under § 2255(f)(2) or § 2255(f)(3). First, Murray does not show that some unconstitutional or unlawful governmental action impeded him from filing his § 2255 motion on an earlier date. *See* § 2255(f)(2). As indicated *infra* in this Recommendation, Murray suggests that this court's treatment of his *pro se* Petition to Dismiss Indictment filed in September 2004 – in which this court initially advised Murray that it intended to recharacterize his pleading as a § 2255 motion but ultimately declined to recharacterize his pleading – somehow prevented him from "formally" filing a timely § 2255 motion." However, the court's actions in this

---

[1]*See* Fed.R.App.P. 4(b)(1) (defendant's notice of appeal in a criminal case must be filed in the district court within ten days after entry of the district court's judgment); *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (for a defendant who does not file a direct appeal, the conviction becomes final ten days after the district court's judgment is entered); *see also Sanchez-Castellano v. United States*, 358 F.3d 424, 427-28 (6th Cir. 2004) (a federal criminal judgment that is not appealed becomes final for the purpose of § 2255 ten days after it is entered, when the time for filing a direct appeal expires).

regard are not the type of impediment contemplated by § 2255(f)(2) and certainly cannot properly be considered to violate the Constitution or the laws of the United States. *See Outler v. United States*, 485 F.3d 1273, 1279-80 (11th Cir. 2007). Moreover, Murray has not presented any claims resting on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2255(f)(3).

As noted above, Murray asserts that his claims could not have been put forth earlier under the exercise of due diligence. (*See Doc. Nos. 5 and 5-1.*) In this regard, he maintains that he did not discover until October 2003 that his counsel failed to file a direct appeal that he had asked counsel to file at the time of his sentencing. (*Doc. No. 5-1 at 2-5.*) In addition, he contends that, prior to filing his instant motion, he "never had the opportunity to formally file a § 2255 motion" because this court recharacterized his *pro se* Petition to Dismiss Indictment filed in September 2004 as a § 2255 motion, against his wishes. (*Id.*)

Section 2255(f)(4) provides for the one-year limitation period to run from the date on which the facts supporting a claim for relief could have been discovered through the exercise of due diligence. In determining whether a motion is timely under § 2255(f)(4), the relevant inquiry focuses on whether the petitioner exercised due diligence in discovering the facts underlying his claim. *Aron v. United States*, 291 F.3d 708, 711 (11th Cir. 2002). If the petitioner exercised due diligence, the limitation period would not begin to run before the date on which he discovered the facts supporting his claim. *Id*. In this regard, a petitioner

is not required to use "the maximum feasible diligence, but only 'due,' or reasonable, diligence." *Id*. at 712. "Due diligence therefore does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but to make reasonable efforts" to discover the facts underlying each claim. *Id*. However, if prompt action would have revealed the factual basis for a claim, a court should not apply § 2255(f)(4). *See Johnson v. United States*, 544 U.S. 295, 311 (2005) (refusing to apply § 2255(f)(4) where "there is every reason to believe that prompt action would have produced [the facts on which the claim for relief is based] well over a year before [the petitioner] filed his § 2255 petition").

It is not clear to the court that Murray has alleged facts sufficient to show that he exercised due diligence in discovering, in October 2003, that his counsel had not filed a direct appeal on his behalf. Absent a showing of due diligence in discovering his counsel's failure to file an appeal, Murray would have been time-barred from filing a § 2255 motion after August 4, 2004. In any event, Murray undoubtedly fails to show that he exercised due diligence thereafter. Murray asserts, with little explanation, that he never had an opportunity to "formally file" a § 2255 motion prior to filing his instant motion because this court recharacterized his *pro se* Petition to Dismiss Indictment of September 2004 as a § 2255 motion against his wishes. However, the record clearly reflects that, because Murray objected to any recharacterization of his Petition to Dismiss Indictment, this court ultimately did *not*

recharacterize that petition as a § 2255 motion before denying it.[2]  Furthermore, Murray does

not suggest why he waited more than four years after the denial of his Petition to Dismiss

Indictment to mount another attack on his conviction and sentence.  Nor does he explain how

this court's treatment of his Petition to Dismiss Indictment in 2004 deterred him from filing

any additional claims for relief until August 2009. *See Outler*, 485 F.3d at 1281.

Significantly, Murray made no mention of his counsel's alleged failure to comply with his

request to file a direct appeal in his Petition to Dismiss Indictment, which was filed at least

ten months after he discovered his counsel's asserted failure in this regard – and more than

a year after his conviction became final.  Nor did Murray assert such a claim when objecting

to this court's initially stated intention, in its order entered on September 7, 2004, to

recharacterize his pleading as a § 2255 motion.  In that same order, this court expressly

afforded Murray an opportunity to assert any additional claims on which he wished to

challenge his convictions and sentence.  However, Murray did not assert a claim regarding

his counsel's failure to appeal until August 3, 2009. [3]  Under the circumstances, this court

concludes that Murray has failed to demonstrate due diligence; consequently, his § 2255

motion, filed on August 3, 2009, was filed long after expiration of the one-year limitation

---

[2]This court now recognizes that a petitioner's consent is not required for a court to recharacterize a petitioner's pleading as a 28 U.S.C. § 2255 motion, so long as the petitioner is notified of the recharacterization and is warned in compliance with the other requirements of *Castro v. United States*, 540 U.S. 375 (2003).

[3]Had this court persisted in its initial characterization of Murray's Petition to Dismiss Indictment as a § 2255 motion, it is very likely that the court would have found such a § 2255 motion to be time-barred.

period.

Finally, the court finds that equitable tolling does not apply here, because Murray fails to demonstrate (1) that the facts causing his late filing were extraordinary and beyond his control and (2) that he acted with diligence to pursue his rights. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The alleged failure of Murray's counsel to comply with his request to file a direct appeal does not constitute the extraordinary circumstances necessary to apply equitable tolling. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) ("garden variety claim" of attorney negligence does not warrant equitable tolling); *Downs v. McNeil*, 520 F.3d 1311, 1325 (11th Cir. 2008) (same); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). Moreover, even assuming counsel was grossly negligent in failing to file an appeal, counsel's failure was discovered by Murray in October 2003 and Murray's instant motion was filed in August 2009. Therefore, as previously indicated, Murray did not act with diligence to pursue his rights.

Based on the foregoing, the court concludes that Murray fails to show cause why his § 2255 motion should not be dismissed as untimely filed.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be denied as having been filed after expiration of the one-year limitation period and that this case be dismissed with prejudice. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before May 17, 2011. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 6th day of May, 2011.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE