IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| TETHIN MURRY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:09cv770-MHT |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION

Pursuant to 28 U.S.C. § 2255, petitioner filed this habeas-corpus case.  This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that the habeas-corpus request be denied as time-barred.   Also before the court are petitioner's objections to the recommendation.  After an independent and de novo review of the record, the court concludes that the objections should be overruled and the magistrate judge's recommendation adopted.

Petitioner objects to the magistrate judge's recommendation that his § 2255 petition, filed on

August 3, 2009, should be denied as time-barred under the one-year limitations period.  Petitioner was sentenced in July 2003, and he did not file a direct appeal.  In his objections, he does not attempt to make a case that the court's treatment of the motion to dismiss indictment, filed in 2004, somehow prevented him from raising his § 2255 issues before 2009.  In any event, in its 2004 Castro order, this court expressly invited petitioner to raise any § 2255 claims he might have.  He declined that invitation even though, at that time, he was already aware (at least based on what he says in his § 2255 petition) that his counsel had not filed a direct appeal (and was aware of the other grounds for relief he asserted in his § 2255 petition).  In his § 2255 petition, petitioner specifically claims that he became aware of his counsel's failure to appeal in October 2003, and this was noted in the magistrate judge's recommendation.  In his objections, petitioner changes his story and asserts, for the first time, that he did

2

not became aware of counsel's failure in this regard until October 2004.  He then says counsel's failure to comply with his request to file an appeal is a ground for equitable tolling of the statute of limitations.  While it is doubtful that this would excuse petitioner's untimeliness even if he had filed his § 2255 petition in either 2004 or 2005, it clearly does not excuse his waiting until August 2009 to file his § 2255 petition. Petitioner's objections, therefore, do not have merit.

An appropriate judgment will be entered.

DONE, this the 26th day of May, 2011.


　　　　　　　　　　／s/ Myron H. Thompson
　　　　　　　　　　UNITED STATES DISTRICT JUDGE